✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__JOHN FRANCIS RICE__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:09 cr 26-10

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
   X  for which a maximum term of imprisonment of ten years or more is prescribed in   21 U.S.C. § 841   .
      under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

  (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence    a preponderance of the evidence   that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*                        *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 26-10

**UNITED STATES OF AMERICA,**

Vs.                                                    **ADDENDUM TO**
                                                       **DETENTION ORDER**

**JOHN FRANCIS RICE.**

---

**I.   FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)** the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.        FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being cocaine base, more commonly known as crack cocaine.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. SBI Special Agent Christen Brenzeel, working with the DEA testified that in June of 2008 the defendant was seen at a dwelling house located in Macon County, NC that was being used by co-defendants for the purpose of selling controlled substances. Six days thereafter, the defendant was seen with two co-conspirators. In October 2008, 15 grams of crack cocaine were purchased from a vehicle that was owned by the defendant. In December of 2008 the defendant delivered cocaine to a co-conspirator. The defendant admitted to a special agent his role in the conspiracy.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties but he does not have employment. The defendant has been assisting his son who was injured in an accident that occurred when his son, who was 18 years old at the time, was operating a bicycle and had a collision with a motor vehicle. His son was severely injured in the accident. The defendant has a length of residence in Macon County as can be seen by his criminal record. The defendant's history relating to drug or alcohol abuse shows that he used marijuana on a regular basis since he was age 17 and he last smoked marijuana on April 12, 2009. The defendant stated he has used crack cocaine but has not used that substance since November of 2008. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following conviction:

Possession of narcotic equipment in Okaloosa County, FL on December 26, 2006 to which the defendant pled guilty on September 11, 2007.

In addition to the above referenced offense, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Disorderly conduct in a public place, resisting arrest and two counts of assault, Maryland | 06/16/87 |
| Malicious destruction of property, Maryland | 05/28/87 |
| Assault inflicting serious injury, assault with deadly weapon | 04/28/94 |
| Two counts of communicating threats | 08/24/95 |

| | |
|---|---|
| Injury to real property | 08/24/95 |
| Injury to real property | 08/24/95 |
| Disorderly conduct, communicating threats | 12/07/95 |
| Disorderly conduct, resisting an officer | 12/07/95 |
| No operators license | 03/11/97 |
| Communicating threats | 08/07/97 |
| No operators license, no registration | 11/14/97 |
| No operators license, no registration | 04/08/98 |
| Resisting an officer, disorderly conduct | 05/14/98 |
| Harassing phone calls | 05/14/98 |
| Resisting arrest | 05/14/98 |
| Communicating threats | 05/14/98 |
| Simple Assault, FL | 11/20/02 |
| Larceny, damage to property, FL | 03/16/06 |
| Driving while license revoked | 07/31/08 |
| No operators license | 12/12/08 |

The defendant has been convicted of approximately 31 misdemeanors.

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in Macon County District Court on June 11, 1998 on a charge of no operators license. He failed to appear in Macon County District Court in regard to a charge of disorderly conduct on July 29, 1999.

   (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was placed on 12 months unsupervised probation on July 31, 2008.


**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The nature of the charge against the defendant creates a presumption that the release of the defendant would create a risk of harm or danger to any other person or the community. This presumption is subject to rebuttal. The defendant, in rebuttal, contends he is providing care for his disabled son. However, the evidence shows that the defendant was observed after the injuries to his son at a dwelling house in June of 2008 that was used for the purpose of distributing controlled substances. He was seen later in June of 2008 with two of his co-conspirators. In December of 2008 the defendant handed cocaine to a co-conspirator and also was seen later with a person who was wanted in the state of Tennessee. The defendant's son was seen just a few days prior to this detention hearing operating a vehicle in Macon County, NC. The mother of the defendant's son resides in Florida and is involved with her son and can provide appropriate care. The defendant has been convicted of approximately 31 misdemeanors, many of them involving acts of violence or threats of violence. As a result, the undersigned finds that the presumption in favor of detention has not been rebutted and by clear and convincing evidence finds that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned does not find that the release of the defendant would create a risk of flight on his part. The defendant has resided, in large part, in Macon County, NC since 1994 as can be seen by his lengthy criminal record. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: April 27, 2009

Dennis L. Howell
United States Magistrate Judge