# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr26-10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JOHN FRANCIS RICE. | ) | |

**THIS MATTER** is before the Court on the Motion for Interim Payment [Doc. 240] filed by the Defendant's counsel on November 17, 2009.

On April 7, 2009, the Defendant was charged along with thirteen co-defendants with conspiracy to distribute 50 or more grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and with using a communication facility to facilitate the commission of such acts, in violation of 21 U.S.C. § 843(b). [Doc. 1]. The Defendant's initial appearance was on April 15, 2009, at which time counsel was appointed. The Defendant's arraignment was on April 17, 2009, at which time his case was set on the Court's May 12, 2009 calendar for trial. The Defendant's case was eventually continued to the Court's July 6, 2009 trial term. On June 30,

2009, the Defendant pled guilty to Count One of the Indictment pursuant to a plea agreement. He is currently awaiting sentencing.

Defendant's counsel filed the present motion on November 17, 2009, seeking permission to submit a fee voucher for interim payment. For grounds, counsel states that he has accumulated approximately ten hours of work in this case; that sentencing has not yet been set and may not occur for some time; and that he is working essentially as a solo practitioner, as his wife/law partner is not currently engaged in the practice of law. [Doc. 240].

While the Court has much sympathy for counsel and the situation in which he finds himself, the question is whether the circumstances presented warrant allowing an interim voucher under the existing regulations. The <u>Guide to Judiciary Policies and Procedures</u>, which is published by the Administrative Office of the United States Courts, provides that "[w]here it is considered necessary and appropriate in a specific case, the presiding trial judge may arrange for periodic or interim payments to counsel." <u>Guide to Judiciary Policies and Procedures</u>, Vol. VII, ch. 2 at ¶2.30. These guidelines note that interim payments "are designed to strike a balance between the interest in relieving court-

appointed attorneys of financial hardships in *extended and complex cases*, and the practical application of the statutorily imposed responsibility of the chief judge of the circuit to provide a meaningful review of claims for excess compensation." Id. (emphasis added). Thus, the threshold question is whether this case requires "extended" or "complex" representation. United States v. Rollins, No. 05-cr-30133-DRH, 2006 WL 3775962, at *2 (S.D. Ill. Dec. 20, 2006). If interim vouchers do not meet this requirement, they then present substantial difficulties for this Court and the Chief Judge of the Circuit in their attempts to evaluate and review the vouchers in a fair manner.

Upon careful review, the Court does not find that the requested interim payment is warranted. Counsel, in his motion, essentially concedes that representation in this case is neither extended nor complex. See Rollins, 2006 WL 3775962, at *2 (allowing interim payment where case was extensive and required complex preparation and where counsel requested payment in excess of statutory maximum); Goodwin v. Roper, No. 4:06CV848 HEA, 2006 WL 2130456,*1 (E.D. Mo. July 28, 2006) (allowing interim payment where case involved the death penalty, and court

found that case's length and complexity would impose financial hardship on counsel).

Accordingly, **IT IS, THEREFORE, ORDERED** that counsel's Motion for Interim Payment [Doc. 240] is **DENIED**.

Signed: December 14, 2009

Martin Reidinger
United States District Judge